**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-50187
Summary Calendar

RICHARD A. GATHERS,

Plaintiff-Appellant,

VERSUS

SHEILA E. WINDNALL, Secretary Air Force,
Department of the U.S. Air Force,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Texas
(SA-96-CV-432)
December 1, 1998

Before DAVIS, DUHÉ and PARKER, Circuit Judges.

PER CURIAM:[1]

Appellant Gathers appeals the grant of summary judgment dismissing his employment discrimination suit against his former employer, the U. S. Air Force. He claimed racial discrimination and retaliation were the cause of his adverse employment actions. The Motion For Summary Judgment was referred to the magistrate judge who submitted a lengthy and detailed recommendation to the

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court, which the court, after de novo review of the summary judgment record, adopted.

On appeal, Gathers complains that the district court employed the incorrect standard of review and that it failed to find that another employee was treated differently than Appellant which constituted discrimination. We have carefully reviewed the record, the magistrate judge's memorandum and the district court's opinion and find no error.

The fact that the Air Force may have applied an incorrect regulation in requiring a resignation in order to grant leave without pay does not establish discrimination because the evidence is uncontradicted that this regulation was applied to everyone who sought leave without pay.

Nor is there any evidence that the fact that Appellant had filed a prior EEOC complaint played any part whatever in the employment decisions regarding him.

Finally, the Air Force clearly established that the employee Mello, to whom Appellant compares himself, was in fact in a very different situation. That he was treated differently does not even infer discriminatory motive, much less create a genuine issue of material fact.

AFFIRMED.